**RICHARD P. POINTER, ESQ., SBN: 86630**
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding St., #100
San Jose, CA  95128
Telephone:     (408) 246-5500
Facsimile:      (408) 246-1051

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No: CR -07 -00622- JF |
| Plaintiff, | SENTENCING MEMORANDUM |
| vs. | |
| MARK ALLEN FIRST , | |
| Defendant. | |

Mark Allen First, through counsel, hereby files the following sentencing memorandum in anticipation of his July 11, 2008 sentencing before the Honorable Jeremy Fogel.  Mr. First pled guilty on to a single count of 18 U.S.C. 2256 on March   2008.

**FACTUAL BACKGROUND**

During 2005 Mark First was scanning the internet for adult pornography.  A relationship that he had been involved in ended during this time period.  Mr. First suffered from severe depression and schizoaffective disorder..  As he searched for adult pornography he encountered advertisements for child pornography.  He ordered a subscription to a site entitled through an east coast provider using the intermediary RegPay server.  Mr. First sought to download images of adolescent girls.  Mr. First emphasized to the investigating ICE agent

Sentencing Memorandum                           1

and later in a forensic psychological evaluation by Brian Abbott Phd. that he was not interested in or affected by images of prepubescent females. In a sampling of images seized from Mr. First's computer there appeared to be one image of an alleged prepubescent female child. The overwhelming majority of images portrayed a single adolescent female subject posing in an erotic manner. The analysis of Mr. First's computer did not show regular efforts to download child pornography. Nor did he possess images involving more than more subject; no images involving sado-masochistic acts nor any portrayals of substantial sexual acts. Other than one image of a alleged prepubescent child identified by a nurse practitioner using the Tanner Scale, there was no indication that Mr. First was even aware of this particular image.

As part of Operation Falcon Ice Agents contacted Mr. First at his residence. Mr. First was cooperative allowing the agents to enter and ultimately to seized his computer without a search warrant.
.

**OBJECTION TO PSR GUIDELINES CALCULATION**

Both the government and defense calculation of the guideline range arrive at the same adjusted offense level 22. However, the presentence report added an additional 2 point to the guideline determination based upon the selection of one image reviewed by nurse practitioner Mary Ritter (a Sexual Assault Response Team) nurse who conducts SART examinations of victims at Santa Clara Valley Medical Center. Defense counsel is familiar with Ms. Ritter who has testified as an expert on child sexual abuse in most if not all state court sexual assault cases. The defense would concede that Ms. Ritter is an expert on the issues involving child sexual abuse. However, nurse Ritter stated to the investigating agents that the Tanner Scale is generally used for "actual physical examinations" of the subject. Ms. Ritter viewed approximately 350 images and found only one image that would qualify as Tanner 1, that is, a preadolescent (Department of Homeland Security report page MF 00028).

Mr. First was not questioned about the existence of this single photograph which by all indications appears to be inconsistent with the overwhelming majority of material that

he downloaded. Mr. First never acknowledged that he was aware of this image and in fact told Dr. Abbott that he was "disgusted" and had "no interest" in images of preadolescent children. A single image should not be utilized to establish any proclivity on Mr. First's part for this type of child pornography. In addition, Ms. Ritter, the expert, conceded that a digital image was difficult to categorize.

The defense requests that the court not consider the 2 point increase of the offense level for the reasons stated above. Should the court agree not to add the 2 points for this specific offense characteristic then the accurate offense level should be 25. A reduction of three points for acceptance of responsibility would result in a final offense level of 22.

All parties agree that Mr. First's criminal history category is 0. The guideline range would therefore be 41-51 months.

## 18 U.S.C. Sec. 3553(a) ANALYSIS

Under the factors set forth in 18 U.S.C. Sec. 3553(a), the defense respectfully submits that a sentence of 24 months is appropriate for defendant. The United States Supreme Court held in **Rita v. United States** (2007) 127 S.Ct. 2456, 2466, there is no presumption at the district court level in favor of a Guideline sentence and the district court's focus should not be on imposing a "reasonable" sentence but rather the court's mandate is to impose "a sentence sufficient, but not greater than necessary" to comply with the basic aims of sentencing. In this case the following analysis supports imposing a minimum federal prison sentence.

(1) The nature and circumstances of the offense and the history and characteristics of the defendant Mark First. **18 U.S.C. 3553(a)(1):**

The defense submits for the court's consideration a comprehensive psychological evaluation of Mark First. Dr. Abbott's report makes the following findings:

Dr. Abbott's findings conclude that Mr. First does not meet the criteria for pedophilia nor does he pose a significant risk to reoffend nor does he present any risk to abuse minor children. Based upon his evaluation and the scientific studies in the field, Dr. Abbott asserts that Mr First would be a suitable candidate for a minimum sentence followed by a period of supervised release specifically addressing his mental disorder.

Sentencing Memorandum                 3

The defense believes that in determining whether to depart the court should ask "what features of this cases potentially, take it outside the Guidelines 'heartland' and make of it a special or unusual case?" **United States v. Sablan** (9th Cir. 1997) 114 F.3d 913, 916, citing **Koon v. United States** (1996). Only if the special factor is expressly forbidden by the Guidelines is the sentencing court absolutely precluded from using it as a basis for departure. **Koon** at 2045.

Based upon this precedent, the defense moves the court for a downward departure based upon his significant diminished mental capacity.

In **U.S.S.G. Sec.5K2.13**, the Sentencing Commission expressly recognized diminished capacity as a valid basis for downward departures:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

**United States v. Cantu** (9th Cir 1993) 12 F.3d 1506, examined the bases for applying this departure ground. The court noted that "the district court's inquiry into the defendant's mental condition and the circumstances of the offense must be undertaken 'with a view to lenity, as section **5K2.13** implicitly recommend.'" **Id.** At 1511, citing **United States v. Chatman**, 986 F.2d 1446, 1454 (D.C. Cir. 1993). The court held that "lenity is appropriate because the purpose of **Sec.5K2.13** is to treat with some compassion those in whom a reduced mental capacity has contributed to the commission of a crime." **Id.**, see also **United States v. Garza-Juarez**, (9th Cir. 1993) 992 F.2d 896 (affirming a downward departure where defendant suffered from panic disorder and agoraphobia).

The defense contends that Mr. First meets all of the criteria set forth in **Sec.5K2.13**. There is no question that Mr. First suffers from a mental disorder that significantly reduced his mental capacity. Dr. Abbott's evaluation concludes that Mr. First suffers from severe depression and psychotic symptoms which contributed to to the commission of the offense in question. Dr. Abbott adds that Mr. First is amenable to treatment and that with a regimen of psychotropic

medications he would be successful in complying with supervised release.

Finally, Mr. First's criminal history does not indicate a need for incarceration to protect the public. As indicated in the PSR he has a total of 0 criminal history points.

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed training or services. **18 U.S.C. Sec. 3553(a)(2)(A-D).**

The defense firmly believes that a probationary sentence would satisfy the "needs" set forth in this subsection. Dr. Abbott alluded to studies that have shown offenders who viewed child pornography only with no known sexual acts toward children to have a 1.3% rate of sexually abusing a child after their arrest for child pornography (See Dr. Abbott's report p.15). Given this data the defense argues that a probationary sentence would satisfy the "needs" outlined in this subsection.

(3) The kinds of sentences available. **18 U.S.C. Sect 3553(a)(3).** As previously stated the defense believes a five year term of supervised release with emphasis on psychological treatment would be appropriate in this matter. In the alternative, the defense believes a one year to twenty four month federal prison sentence would serve the interests of justice.

## CONCLUSION

The Supreme Court reaffirmed in **Koon** the independence of the district courts to grant departures as a means of structuring an appropriate sentence. The Sentencing Guidelines did not do away with "the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." **Id.** at 2053.

Dated: July 3, 2008                                          Respectfully submitted,


                                                             _____/s/_____
                                                             RICHARD P. POINTER
                                                             Attorney for Defendant

Sentencing Memorandum            5