JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5081
   E-Mail:  joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> MARK FIRST, ) <br> ) <br>     Defendant. ) <br> _____ ) | No. CR 07-00622 JF <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> SENTENCING DATE: <br> July 17, 2008 |

    The United States of America hereby submits its sentencing memorandum in the above-captioned case.  On March 26, 2008, the defendant pled guilty pursuant to a plea agreement to an information charging him with single count of Possession of Matters Containing Any Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  There is a disagreement between the parties and the Probation Department regarding the correct calculation of the defendant's sentencing guidelines.  The Probation Department's calculation of the Guidelines includes a two-level enhancement for possession of a single image of child pornography alleging involving a pre-pubescent minor, resulting in an adjusted total offense level of 24 and criminal history category I.  The sentencing range for

...
...

imprisonment is 51 to 63 months. The Probation Department recommends that the Court impose a prison term of 57 months along with other enumerated conditions including a 60 month term of supervised release.

The United States has reviewed the final pre-sentence report (PSR) and has no objection to the factual information contained therein. The plea agreement's calculation of the Guidelines results in an adjusted offense level of 22. Since the defendant is subject to a criminal history category I, his Guidelines sentencing range for imprisonment under the plea agreement is 41 to 51 months. The defendant has recommended that he receive a non-custodial probationary sentence. The United States respectfully recommends that this Court impose a mid-range 46 month sentence of imprisonment for the defendant's conduct along with the other enumerated conditions recommended by the Probation Department.

## DISCUSSION

**A.   A Mid-Range, 46 Month Sentence of Imprisonment for the Defendant is Reasonable and Appropriate**

Defendant's criminal conduct merits a significant prison term. Under the circumstances of this case, a mid-range Guidelines sentence of 46 months would appear to be an appropriate disposition. Specifically, defendant possessed child pornography and also subscribed to websites containing child pornography. As the Probation Department notes in its Sentencing Recommendation: "[t]he defendant used his personal computer to download 340 images and 80 videos that contained child pornography. The defendant obtained these images from various child pornography websites to which he subscribed at a cost of $45 to $50 a month. It is particularly egregious that the defendant paid subscription fees to child pornography websites, as this gives him additional culpability for perpetuating and rewarding an industry which benefits from the victimization of children." PSR Sentencing Recommendation at 2.

A mid-range sentence of 46 months would comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), as required by 18 U.S.C. § 3553(a). First, a 46 month sentence would reflect the seriousness of the defendant's offense, possessing child pornography, and provide adequate punishment for this offense. 18 U.S.C. § 3553(a)(2)(A). Second, a 46 month sentence

would serve afford adequate deterrence of further criminal conduct–both for the defendant <u>and</u> the public, as 18 U.S.C. § 3553(a)(2)(B) requires.  Furthermore, a 46 month sentence would serve to protect the public from further criminal conduct by the defendant.  18 U.S.C. § 3553(a)(2)(C).  Given the aforementioned factors, a substantial term of imprisonment is a reasonable and appropriate sanction for the defendant's conduct.[1]

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to 46 months imprisonment along with imposing the other terms and conditions enumerated by the Probation Department.

DATED: July 14, 2008                                        Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


                                                                                    /s/
                                                            JOSEPH A. FAZIOLI
                                                            Assistant U.S. Attorney

---

[1] The Government also recommends that, pursuant to the plea agreement in this case, the defendant be required to forfeit his interest in the Hewlett Packard Pavilion Computer, serial no.GFDP13420236A, upon which he possessed child pornography.

3